UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| CURTIS W. MILLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 2:05CV57MLM |
| JO ANN B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is an action brought pursuant to Title 42 U.S.C. § 405(g) for judicial review of the final decision of Jo Anne Barnhart ("Defendant") denying the application for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq., filed by Plaintiff Curtis W. Miller ("Plaintiff"). Plaintiff has filed a brief in support of his Complaint. Doc. 14. Defendant has filed a brief in support of her Answer. Doc. 16. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c). Doc. 7.

## PROCEDURAL HISTORY

Plaintiff filed an application for SSI on October 15, 2002, alleging a disability onset date of November 1, 2001. (Tr. 56-60). The application was denied.[1] (Tr. 37-43). After hearings held on January 24, 2004, and on February 11, 2005, Administrative Law Judge Mark A. Brown (the "ALJ") issued a decision finding that Plaintiff was not disabled within the meaning of the Act through the date

---

[1] Missouri is one of several test states participating in modifications to the disability determination procedures which apply in this case. See 20 C.F.R. § § 404.906 and 404.966 (2002). These modifications include, among other things, the elimination of the reconsideration step and at times, the elimination of the Appeals Council review step in the administrative appeals process. See id. Therefore, Plaintiff's appeal in this case proceeded directly from her initial denial of benefits to the administrative law judge level.

of the decision, April 29, 2005. (Tr. 14-27). The Appeals Council denied Plaintiff's request for review. (Tr. 5-7). As such, the decision of the ALJ stands as the final decision of the Commissioner.

## LEGAL STANDARDS

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. § § 416.920, 404.1529. In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. § § 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. § § 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities …" Id. Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the regulations. 20 C.F.R. § § 416.920(d), 404.1520(d); Part 404, Subpart P, Appendix 1. If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. Id.

Fourth, the impairment must prevent claimant from doing past relevant work. 20 C.F.R. § § 416.920(e), 404.1520(e). The burden rests with the claimant at this fourth step to establish his or her RFC. Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Young v. Afpel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). The ALJ will "review [claimants]' residual functional capacity and the physical and mental demands of the work [claimant] [has] done in the past." Id. Fifth, the severe impairment must prevent claimant from doing any other work. 20 C.F.R. § § 416.920(f), 404.1520(f). At this fifth step of the sequential analysis, the Commissioner has the burden of production to produce evidence of other jobs in the national economy that can be performed by a person's with the claimant's RFC. Young, 221 F.3d at 1069 n.5. If the claimant meets these standards, the ALJ will

2

find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." Id. See also Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, that decision must be affirmed if it is supported by substantial evidence. Clark v. Heckler, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994); Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). See also Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992) (holding that an ALJ's decision is conclusive upon a reviewing court if it is supported by "substantial evidence"). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. Krogmeier, 294 F.3d at 1022 (internal citations omitted). See also Eichelberger, 390 F.3d at 589; Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000) (quoting Terrell v. Apfel, 147 F.3d 659, 661 (8th Cir. 1998)); Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001) (internal citations omitted).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months …." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A). The plaintiff has the burden of proving that he has a disabling impairment. 42 U.S.C. § 423(d)(1); Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993); Roach v. Sullivan, 758 F. Supp. 1301, 1306 (E.D. Mo. 1991).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The absence of objective medical evidence is just one factor to be considered in evaluating the plaintiff's credibility. Id. The ALJ must also consider the plaintiff's prior work record, observations by third parties and treating and examining doctors, as well as the plaintiff's appearance and demeanor at the hearing. Id.; Cruse, 867 F.2d at 1186.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints. Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004); Hall v. Chater, 62 F.3d 220, 223 (8th Cir. 1995); Robinson v. Sullivan, 956 F.2d 836, 841(8th Cir. 1992); Ricketts v. Sec'y of Health and Human Servs., 849 F.2d 661, 664 (8th Cir. 1990); Jeffery v. Sec'y of Health and Human Servs., 849 F.2d 1129, 1132 (8th Cir. 1988).

## DISCUSSION

The issue before the court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not disabled. Onstead, 962 F.2d at 804. Thus, even if there is substantial evidence that would support a decision opposite to that of the Commissioner, the court

4

must affirm her decision as long as there is substantial evidence in favor of the Commissioner's position. Krogmeier, 294 F.3d at 1022.

Plaintiff contends that the ALJ failed to properly evaluate Plaintiff's impairments segregating out any effect that may be due to substance abuse and that the ALJ failed to follow the procedure set forth in the Regulations for evaluating cases involving substance abuse. Plaintiff further contends that the ALJ was "swayed by the fact that he is 'an ex-convict on parole for drug possession and he is still using marijuana." Plaintiff alleges that he is disabled due to an injured back, arthritis, asthma, diabetes, seizures, chronic obstructive pulmonary disease, hepatitis C, and a mental disorder including memory loss.

Among other things, Plaintiff testified that despite being on Depakote he has twelve seizures a week; that he has COPD, smokes, and sleeps with oxygen; that he has cirrhosis of the liver and hepatitis C; that he has an enlarged pancreas and spleen; that he has stomach problems and throws up every morning; that he has torn cartilage in both knees; that he has arthritis; that his ankles swell due to diabetes; that he has used some illegal drugs in the year prior to the hearing; and that he was hospitalized in the year prior to the hearing for psychological problems.

When addressing Plaintiff's hepatitis C, the ALJ noted positive laboratory findings in 2001; that ultrasound did not indicate that Plaintiff had an enlarged pancreas and spleen; that the hepatitis C was probably secondary to multiple tattoos; and that Plaintiff's hepatitis limited him only in that it precluded him from working around food products.

In regard to Plaintiff's heart problems, the ALJ noted a negative cardiac workup in 2001, a negative EKG in 2002, and a reference to a history of coronary artery disease in March 2002. The ALJ further noted that the record otherwise did not support a history of cardiac problems.

In regard to Plaintiff's allegation of asthma, the ALJ noted that a pulmonary function test in June 2001 indicated only mild restriction; that Plaintiff had a 2003 diagnosis of COPD; that Plaintiff has used oxygen to sleep since 2002; that the record does not reflect that Plaintiff uses oxygen during the day; and that the record includes negligible reference to symptoms of COPD.

In regard to Plaintiff's allegation of diabetes, the ALJ noted that Plaintiff did not complain of low blood sugars which could lead to retinopathy or nephropathy and that there is rare mention of some loss of sensation in the toes or neuropathy, "but at this point it is non-severe." [2]

In regard to Plaintiff's alleged depression, the ALJ noted that Plaintiff abused Zanax; that in 2002 Plaintiff was diagnosed with drug addiction but no other mental impairment; that in June 2003 he was diagnosed with mood disorder due to multiple physical disorders with major depressive-like episode, chronic alcoholism and polysubstance abuse with possible dependence; and that in August 2003 he was diagnosed with major affective disorder, narcotic and Benzodiazpine dependence, suicidal ideation for a history of polysubstance abuse, and personality disorder, mixed type. In regard to Plaintiff's depression, the ALJ considered that Plaintiff clearly has an ongoing substance abuse problem with regard to marijuana and abuse of prescription medication; that he is an ex-convict on

---

[2] The Listing of Impairments at § 9.08 for diabetes mellitus states that to be found disabled because of diabetes mellitus a claimant must have diabetes mellitus with:

A. Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C);

B. Acidosis occurring at least on the average of once very 2 months documented by appropriate blood chemical tests (ph or PCO2 or bicarbonate levels); or

C. Retinitis proliferans; evaluate the visual impairment under the criteria in 2.02, 2.03, or 2.04.

parole for drug possession and he is still using marijuana; and that Plaintiff's conditions limit him to low stress simple repetitive jobs.

When addressing Plaintiff's seizures, the ALJ considered that Plaintiff was hospitalized for seizures in 2002 and that Plaintiff failed to keep appointments for consultations in 2001 and 2002. The ALJ also considered that during 2002 Plaintiff was diagnosed with seizures with withdrawal from OxyContin abuse; he tested positive for marijuana and benzodiazepines on two occasions; Dr. Horsely opined that it was highly unlikely that Plaintiff's seizures were not epileptic; Dr. Meidl opined that the most likely diagnosis for Plaintiff's seizures was Benzodiazepine withdrawal; and Dr. Khwaja opined that Plaintiff's seizures were pseudoseizures. The ALJ said that the best evidence to support Plaintiff's allegation of "true seizures" was an abnormal EKG result in March 2002 and that results of this date showed an occasional left temporal spike and wave discharge which was "an interictal expression of a partial epilepsy and put [Plaintiff] at risk of having seizures." (Tr. 20). The ALJ also considered that in May 2003 Plaintiff tested positive for cocaine and that in October 2003 Plaintiff's wife indicated he was not taking seizure medication as prescribed.[3] The ALJ concluded that "the vast majority of the medical record does not support a finding of true seizures. Rather, it shows a diagnosis of drug abuse seizures, drug withdrawal seizures, or pseudoseizures." (Tr. 19-20).

The court notes that during a consultation for seizures, Plaintiff stated on January 7, 2003, that he was on probation for five years for DWI and possession of drug paraphernalia and that he had three years to go on this probation. (Tr. 427). On June 20, 2003, Plaintiff stated in a mental health assessment that he went to the penitentiary for using marijuana while driving drunk soon after he

---

[3] The ALJ properly took into consideration Plaintiff's non-compliance. Brown v. Chater, 87 F.3d 963, 965 (8th Cir. 1996) (holding that a claimant's failure to comply with prescribed medical treatment and lack of significant medical restrictions is inconsistent with complaints of disabling pain).

returned from the Air Force; that he was there for four to five years; that while in jail he was caught with a marijuana cigarette; that he use to drink quite a bit; that he quit drinking two years earlier because of liver damage; and that he still smokes marijuana on occasion. As stated above, Plaintiff testified that at the time of the hearing he was using marijuana. Also, Plaintiff's application for benefits states that he was convicted of felony possession of marijuana and that since September 24, 2002, he had not violated a condition of his parole or probation. (Tr. 56).

Despite his findings with regard to each of Plaintiff's alleged conditions, the ALJ found that in combination without consideration of his substance abuse, Plaintiff's impairments are severe and that taking into consideration the effects of substance induced seizure activity Plaintiff would be found disabled. The ALJ further found, however, that with consideration of Plaintiff's substance abuse he is not disabled within the meaning of the Act.

42 U.S.C. § 423(d)(2)(C) provides that, "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 20 C.F.R. § 404.1535 sets for the procedures applicable to a determination of whether a claimant with a drug or alcohol addiction is disabled:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would

remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

>   (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

>   (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

In regard to the relevance of a history of drug abuse to consideration of whether a claimant is disabled, the Eighth Circuit has noted that under such circumstances an ALJ's duty becomes more complicated because:

> Under 1996 amendments to the Social Security Act, if alcohol or drug abuse is a "contributing factor material to the Commissioner's determination" of a disability, the claimant is not entitled to benefits. 42 U.S.C. § 423(d)(2)(C). In the determination whether the substance abuse is "material," the claimant has the burden of demonstrating that she would still be disabled if she were to stop using drugs or alcohol. 20 C.F.R. § 416.935(b)(1); Pettit v. Apfel, 218 F.3d 901, 903 (8th Cir.2000).

Vester v. Barnhart, 416 F.3d 886, 888 (8th Cir. 2005).

In Brueggemann v. Barnhart, 348 F.3d 689 (8th Cir.2003), the Eighth Circuit held that where an ALJ finds a claimant disabled without consideration of his or her substance abuse, the proper procedure is to then determine whether substantial evidence on the record shows what limitations would remain in the absence of the substance abuse. Only after making this inquiry can the ALJ reach a conclusion on wether the claimant's substance abuse is a contributing factor material to the determination of disability. The Eighth Circuit clarified the respective burdens of the claimant and of the ALJ where substance abuse is a factor:

> The burden of proving that alcoholism was not a contributing factor material to the disability determination falls on [the claimant]. Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir.2002), citing Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

9

> However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. Hildebrand, 302 F.3d at 838.
>
> If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow. See Social Security Administration Emergency Teletype, No. EM-96-94 at Answer 29 (Aug. 30, 1996), quoted in Fastner v. Barnhart, 324 F.3d 981, 986 (8th Cir.2003); Dru Stevenson, Should Addicts Get Welfare?: Addiction & SSI/SSDI, 68 Brook. L.Rev. 185, 194 & nn. 47-49 (2002). In colloquial terms, on the issue of the materiality of alcoholism, a tie goes to [the claimant].
>
> Undeniably, the ALJ's decision did not reflect the Commissioner's regulations outlining how to account for substance use disorders in disability determination proceedings. See 20 C.F.R. § 404.1535; Frank S. Bloch, Bloch on Social Security § 3.39 (2003) ("*A finding of disability is, in effect, a 'condition precedent' to applying the special rule on alcoholism and drug addiction*").
>
> ...
>
> The plain text of the relevant regulation requires the ALJ first to determine whether [the claimant] is disabled. 20 C.F.R. § 404.1535(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." (emphasis added)). The ALJ must reach this determination initially, as the ALJ did in Fastner v. Barnhart, 324 F.3d 981, 986 (8th Cir.2003), using the standard five-step approach described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance use disorders. Ball v. Massanari, 254 F.3d 817, 821 (9th Cir.2001). The ALJ must base this disability determination on substantial evidence of [the claimant's] medical limitations without deductions for the assumed effects of substance use disorders. The inquiry here concerns strictly symptoms, not causes, and the rules for how to weigh evidence of symptoms remain well established. Substance use disorders are simply not among the evidentiary factors our precedents and the regulations identify as probative when an ALJ evaluates a physician's expert opinion in the initial determination of the claimant's disability. See 20 C.F.R. § 404.1527.

Id. at 693 (emphasis added).

The ALJ in the matter under consideration did reach the conclusion that Plaintiff was disabled without segregating out any effects that might be due to his substance abuse. He concluded that the gross total of Plaintiff's limitations, including the effects of his substance abuse, established that he

was disabled. As such, the ALJ's analysis was consistent with the Regulations to this point.

Pursuant to the Regulations, the ALJ was then required to consider which limitations would remain when the effects of Plaintiff's substance abuse are absent. The ALJ in the matter under consideration did not do so. As noted by the court in Brueggemann, this task is hypothetical if a claimant is actively abusing drugs and is more difficult under such circumstance than if the claimant has stopped such use. "Determining whether a claimant would still be disabled if he or she stopped [abusing alcohol and/or drugs] is, of course, simpler, if the claimant has stopped." Pettit v. Apfel, 218 F.3d 901, 903 (8th Cir. 2000).

The court notes that there is no question that the record establishes that Plaintiff was a substance abuser through at least August 2003 and that at the time of the hearing he was using marijuana. Moreover, evidence on the record supports the ALJ's decision that Plaintiff's seizures, at least prior to August 2003, were related to his substance abuse and that, at least prior to June 2003, his depression was related to his substance abuse. The record, however, does not reflect the extent to which Plaintiff would have continued to have seizures and depression if he had stopped abusing drugs and alcohol. The record also does not reflect whether Plaintiff continues to abuse substances other than marijuana and does not reflect the effect of Plaintiff's possible continued substance abuse on his medical conditions.

As stated above, the ALJ was required to develop the record in regard to his conclusion that but for Plaintiff's substance abuse he is not disabled and he must support his conclusion with substantial evidence such as he would on other issues before him. While it is a difficult job, the ALJ must nonetheless untangle the web to determine whether Plaintiff would be able to work but for his substance abuse. In so doing the ALJ must reference the medical evidence as well as other relevant factors.

The ALJ appears to have rendered a personal medical judgment when he concluded that, when taking into account the effects of Plaintiff's substance abuse, Plaintiff would not be disabled; he has not cited sufficient supporting evidence from a medical professional to support his conclusion. See Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001) (holding that some medical evidence should support an ALJ's decision). As such, in the circumstances of this case the ALJ's reliance upon his own medical judgment to reach his conclusion was, therefore, error. Galus v. Callahan, 117 F.3d 1061 (8th Cir. 1997). For the reasons more fully set forth above the court finds that there is insufficient evidence to support the ALJ's decision that with consideration of Plaintiff's substance abuse he is not disabled within the meaning of the Act.

The court finds, therefore, that this matter should be remanded so that the record may be fully developed. On remand the ALJ should consider to what, if any, degree, Plaintiff's impairments would be diminished or go away if he no longer engaged in substance abuse. Pettit v. Apfel, 218 F.3d 901, 903 (8th Cir. 2000) ("The focus of the inquiry is on the impairments remaining if the substance abuse ceased, and whether these impairments are disabling, regardless of their cause."). Also, on remand the ALJ should inquire whether Plaintiff is still abusing marijuana, drugs and/or alcohol. He may do so in an appropriate manner such as by reopening the record to question Plaintiff. Upon remand the ALJ should request that Plaintiff have a consulting medical examination to determine the effect of his past and/or present substance abuse on his medical conditions. The medical examiner should be asked to opine regarding the extent to which Plaintiff's medical conditions would continue in the event he ceased using alcohol and drugs.

## CONCLUSION

The court finds that this matter should be reversed and remanded to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. 405(g), sentence 4. Upon remand,

the ALJ should be directed to fully develop the record in a manner consistent with this court's opinion. **The court stresses that upon reversing and remanding this matter it does not mean to imply that the Commission should return a finding of "disabled."** The court is merely concerned that the Commissioner's final determination, as it presently stands, is not fully developed regarding the effects of Plaintiff's past and/or present substance abuse and that, as such, it is not supported by substantial evidence nor is it consistent with the Regulations.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that the relief which Plaintiff seeks in his Brief in Support of Complaint is **GRANTED** in part, and **DENIED**, in part. [Doc. 14]

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will issue contemporaneously herewith remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. 405(g), sentence 4.

**IT IS FURTHER ORDERED** that upon entry of the Judgment, the appeal period will begin which determines the thirty (30) day period in which a timely application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, may be filed.

/s/ MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of April, 2006.